UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Scott Viveiros and
Sandra Viveiros,
     Plaintiffs

v.

Town of Easton, NH;
Kevin O'Brien;
Tom Boucher; and
Edward Cutler,
     Defendants

Case No. 13-cv-91-SM
Opinion No. 2014 DNH 042

**O R D E R**

Scott and Sandra Viveiros brought suit against the Town of
Easton and three members of the Easton Select Board, alleging a
federal claim under 42 U.S.C. § 1983 and state law claims for
malicious trespass and intentional interference with contract.
The defendants move for judgment on the pleadings on grounds that
the Viveiroses do not allege a claim under § 1983 and that the
court should decline supplemental jurisdiction as to the state
law claims.  The Viveiroses object to the motion.

**Standard of Review**

A motion for judgment on the pleadings is addressed under
the same standard as is used for a motion to dismiss under
Federal Rule of Civil Procedure 12(b)(6).  Portugues-Santana v.
Rekomdiv Int'l, Inc., 725 F.3d 17, 25 (1st Cir. 2013).  Under the

applicable standard, the court takes all of the well-pleaded
allegations as true and views the facts in the light most
favorable to the non-moving party to determine whether the
complaint alleges enough facts to support a claim "that is
plausible on its face." Downing v. Glove Direct LLC, 682 F.3d
18, 22 (1st Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570 (2007)).  Legal boilerplate and general conclusory
statements are insufficient to state a cognizable claim.  Menard
v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012).


## Discussion

     In their complaint, the Viveiroses title Count I as "CLAIM
UNDER 42 U.S.C. § 1983."  They allege that they bought property
in Easton and had a contract to buy abutting property.  The
Viveiroses further allege that the defendants interfered with
their contract when the town offered to buy the abutting
property; that the defendants improperly denied and delayed their
application for a building permit; that the defendants entered
the Viveiroses' property without their permission; that the
defendants falsified, altered, or suppressed town records
relating to the Viveiroses; that the defendants inflated the
assessed value of the Viveiroses' property and delayed their tax
refund; and that the defendants misused the Fire Department to
prevent the Viveiroses from burning brush.

The defendants seek judgment on the pleadings on Count I, asserting that the Viveiroses have failed to state a claim under § 1983.  The defendants also ask the court to decline supplemental jurisdiction under 28 U.S.C. § 1367.  The Viveiroses argue that their allegations are sufficient to state a cognizable claim under § 1983 and suggest that if their complaint were to be found insufficient, they should be granted an opportunity to amend.

I.  <u>Civil Rights Claim - Count I</u>

Section 1983 provides a cause of action for those whose federally protected rights are violated by someone acting under color of state law.  42 U.S.C. § 1983; <u>see, e.g.,</u> <u>Maine v. Thiboutot</u>, 448 U.S. 1, 4-8 (1980) (discussing violation of federal statutory rights); <u>Baker v. McCollan</u>, 443 U.S. 137, 143 (1979) (discussing action necessary to implicate Fourth Amendment violation).  Section 1983, however, "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).  Therefore, a plaintiff must allege that the defendant's actions caused a violation of a federal right.  <u>See</u> <u>Sullivan v. City of Springfield</u>, 561 F.3d 7, 14-15 (1st Cir. 2009).

While the Viveiroses allege many facts about the circumstances that led to their suit, they do not allege that the defendants' actions caused a violation of any particular federal constitutional or statutory right.  They merely state generally that the defendants' actions "caused the Viveiroses to be subjected to the deprivation of their rights, privileges, or immunities secured by the Constitution and laws of the United States of America."  Such a conclusory statement that merely repeats the language of § 1983 is insufficient to show that the Viveiroses are entitled to relief.[1]

In their objection to the defendants' motion for judgment on the pleadings, the Viveiroses assert that the defendants' actions violated their right to substantive due process and their right to equal protection under the Fourteenth Amendment.  The complaint, however, does not include those allegations, and an objection to a dispositive motion does not serve as an amendment to the complaint.

But, even had the Viveiroses identified the substantive due process and equal protection provisions of the Fourteenth Amendment as the bases for their § 1983 claim, the claim would still not survive for the reasons stated in the cases that the

---

[1]  Because the Viveiroses are represented by counsel, they are not entitled to the less stringent standard that would be applied if they were proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

4

Viveiroses cite in their objection.  To avoid dismissal of a substantive due process claim, a plaintiff "must allege that the actions taken against him were so egregious as to shock the conscience and that they deprived him of a protected interest in life, liberty, or property." Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 639 (1st Cir. 2013).  In the context of squabbles between a town and a resident over town regulations, a plaintiff must show that an unlawful regulation or overreaching by the town was "'a brutal and inhumane abuse of power,' or 'truly outrageous, uncivilized, and intolerable.'" Id. (quoting Harron v. Town of Franklin, 660 F.3d 531, 535 (1st Cir. 2011)); see also Clark v. Bosher, 514 F.3d 107, 113 (1st Cir. 2008) ("We have repeatedly held that the substantive due process doctrine may not, in the ordinary course, be invoked to challenge discretionary permitting or licensing determinations of state or local decisionmakers, whether those decisions are right or wrong." (internal quotation marks omitted)).  As in Gianfrancesco, Harron, and Clark, the Viveiroses's allegations in this case do not come close to the "truly horrific circumstances" that are necessary to avoid dismissal of a substantive due process claim. Harron, 660 F.3d at 536.

Similarly, the Viveiroses's "class of one" equal protection theory falls far short of stating a claim.  In this context, a plaintiff must allege facts to show that he was intentionally

treated differently than others who were similarly situated to him in all respects relevant to the governmental action and that the action was based on malice or another impermissible consideration.  See Gianfrancesco, 712 F.3d at 639-40; Harron, 660 F.3d at 537; Clark, 514 F.3d at 114.  The Viveiroses do not allege facts to support an equal protection theory.

Because the Viveiroses do not state a claim under § 1983, Count I must be dismissed.


II.  Leave to Amend

The Viveiroses suggest at the end of their objection to the defendants' motion that they should be granted an opportunity to amend the complaint if it were to be found deficient.  In this district, however, a party cannot combine a request for relief and an objection to a pending motion.  LR 7.1(a)(1).  To the extent the Viveiroses intended to seek leave to amend their complaint by the suggestion in their objection, that relief was not properly requested.  See Fisher v. Kadant, Inc., 589 F.3d 505, 509-10 (1st Cir. 2009).

Further, the Viveiroses filed their objection on September 9, 2013, a week after the deadline for amendment of the pleadings.  Because of their delay, the Viveiroses would have had to satisfy the requirements of Federal Rule of Civil Procedure 16(b)(4) before seeking leave to amend the complaint.  And, of

course, an amendment, as suggested, would likely be futile given the nature of the alleged offensive conduct.

Therefore, the Viveiroses have not properly requested leave to amend the complaint and leave is not granted to do so.

III.  Supplemental Jurisdiction

The defendants ask the court to decline to exercise supplemental jurisdiction after dismissing the § 1983 claim.  The Viveiroses did not address the issue of supplemental jurisdiction in their objection.

A district court may decline to exercise supplemental jurisdiction over state law claims that remain after the claim that conferred subject matter jurisdiction has been dismissed. 28 U.S.C. § 1367(c)(3).  Although the court is not required to decline to exercise jurisdiction under the circumstances provided in § 1367(c)(3), that is the ordinary course.  See Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC, 730 F>3d 67, 74 (1st Cir. 2013); Rodriguez v. Doral Mortg. Corp., 57 F>3d 1168, 1177 (1st Cir. 1995).  After jurisdiction is declined, the state law claims are dismissed without prejudice.  See Rojas-Velazquez v. Figueroa-Sancha, 676 F.3d 206, 208 (1st Cir. 2012); Mendez Internet Mgmt. Servs., Inc. v. Banco Santander de P.R., 621 F.3d 10, 16 (1st Cir. 2010).

In this case, subject matter jurisdiction was based on the alleged existence of a federal question, the claim under § 1983 in Count I.  See 28 U.S.C. § 1331.  With the dismissal of Count I, it is appropriate to decline to exercise supplemental jurisdiction over the state law claims, Counts II and III.

### Conclusion

For the foregoing reasons, the defendants' motion for judgment on the pleadings (document no. 11) is granted, and Count I is dismissed with prejudice.

The state law claims asserted in Counts II and III are dismissed without prejudice.

The Clerk of Court shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 28, 2014

cc:  W. E. Whittington, Esq.
     R. Matthew Cairns, Esq.